UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23107-CV-COOKE
MAGISTRATE JUDGE REID

EDWARD JOE YOUNG,

    Plaintiff,

v.

MIAMI-DADE CORRECTIONS AND
REHABILITATION, and JACKSON
HEALTH SYSTEM,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

This matter is before the Court upon a *sua sponte* review of the docket. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Plaintiff, **Edward Joe Young**, filed this case while incarcerated at the Turner Guilford Knight Correctional Center. [ECF No. 1]. Immediately after filing the Complaint, the Court instructed Plaintiff that he must always keep his address updated during this case. [ECF No. 4]. However, it appears that Plaintiff never received the Court's Order because it was returned as undeliverable by the U.S. Postal Service. [ECF No. 6]. Shortly thereafter, the Court was notified by Miami-Dade Corrections and Rehabilitation that Plaintiff was no longer in custody and that his last known address was 5800 N.W. 36th Avenue, Miami, Florida 33142. [ECF No. 7].

The Court sent a Second Order of Instructions to Plaintiff, which again instructed him that he must always keep his address updated during this case. [ECF No. 8]. In addition, the Court Ordered Plaintiff to file a new motion for leave to proceed *in forma pauperis* by September 23,

2020, because he was no longer a prisoner and a different form is required. [ECF No. 9]. Plaintiff has not complied, nor has he updated his address, and the Court has received two additional notices of undeliverable mail since then. [ECF Nos. 11, 12].

The Court may *sua sponte* dismiss a plaintiff's claims pursuant to both Fed. R. Civ. P. 41(b) as well as its inherent power to manage its docket. *See, e.g., Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Here, Plaintiff was repeatedly cautioned that failure to update his address and to otherwise comply with Court Orders may result in the dismissal of his case. Despite the fact Plaintiff did not receive these Orders, the responsibility for that lies with Plaintiff because he has failed to keep the Court apprised of his address or file anything in this case since his Complaint was filed in July.

A dismissal without prejudice is most appropriate, because it does not amount to an adjudication on the merits of Plaintiff's claims, and the Court is afforded greater discretion in dismissing a case without prejudice. *See, e.g., Taylor v. Spaziano*, 251 F. App'x 616, 619 (11th Cir. 2007); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011). Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** without prejudice for failure to prosecute and failure to comply with Court Orders and that this case be **CLOSED** by the Clerk of Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 13th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Edward Joe Young**
5800 N.W. 36th Avenue
Miami, FL 33142
*PRO SE*

**Edward Joe Young**
180172951
7000 Northwest 41st Street
Miami-Dade, FL 33166
*PRO SE*